Filed 3/10/22  P. v. Nichols CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C092439 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF00755) |
| v. | |
| GARRISON J. NICHOLS, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

Defendant Garrison J. Nichols pled no contest to one count of committing a lewd or lascivious act on a child under 14.  The trial court denied probation and sentenced defendant to the upper term of eight years in state prison.  On appeal, defendant asserted the court abused its discretion in denying his request for probation and sentencing him to the upper term.

We previously filed an opinion addressing and rejecting defendant's contentions and affirming the judgment.  Subsequently, the California Supreme Court granted review and transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of Penal Code sections 1170 and 1170.1, as amended by Senate Bill No.

1

567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567).[1]  (Cal. Rules of Court, rule 8.528(d).)  We vacated our decision and both parties filed supplemental briefs following the transfer.  (See Cal. Rules of Court, rule 8.200(b).)  In supplemental briefing on the effects of the amended sentencing statute, defendant contends his case must be remanded for resentencing.

Upon reconsidering the cause in light of Senate Bill 567, we affirm.  As for defendant's original contentions, we again find no abuse of discretion and affirm the judgment.

## I.  BACKGROUND

The probation report provided the factual basis for the plea and lists the following facts.  Defendant began dating E.S., the mother of six-year-old Jane Doe, and moved into the home with E.S., Jane Doe, and her brother.  The children called defendant, "Daddy Gary."  Several months after defendant moved in, Jane Doe reported to E.S. that defendant wanted her to put her mouth on his penis.  E.S. told her that was bad and not to say such things.  Jane Doe responded, " 'I couldn't keep it a secret anymore, but daddy asked me to.' "  While Jane Doe's mother and brother were sleeping, defendant lured her to put her mouth on his penis by telling her it would give her milk.  Jane Doe said she put her mouth on defendant's penis as he instructed.  E.S. confronted defendant; he denied the allegation and begged E.S. not to report it to the police.  He then fled.  While Jane Doe claimed this particular act of oral penetration occurred one time, she also reported multiple similar incidents of defendant touching or attempting to touch her vagina.  In particular, the probation report details that during one such incident, defendant offered to wash Jane Doe's hair while she was in the bathtub so that E.S. could take a phone call.  Jane Doe reported to her mother that the defendant tried to put his fingers in her vagina during the bath, and she pushed him away.  Jane Doe reported to her mother that on

---

[1] Undesignated statutory references are to the Penal Code.

another occasion, defendant had touched the outside of her vagina. E.S. also reported that defendant made numerous inappropriate comments about Jane Doe's body, including that her " 'boobs were growing' " and that " 'she was going to be sexual at a young age.' "

The district attorney filed an amended complaint charging defendant in count 1 with oral copulation or sexual penetration with a child under the age of 10 (§ 288.7, subd. (b)), and in count 2 with committing a lewd or lascivious act on a child under the age of 14 (§ 288, subd. (a)). Defendant pled no contest to count 2. Defendant stipulated to the facts as listed in the probation report as the factual basis for the plea. In exchange for his plea, count 1 was dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, 758. The trial court ordered a psychological examination of defendant, pursuant to sections 288.1 and 1203.067.

The prosecutor filed a sentencing statement in aggravation and cited no factors in mitigation. Attached was a victim impact statement that E.S. provided, detailing the trauma defendant inflicted on Jane Doe. In response, the defense filed a sentencing statement in mitigation, arguing for probation. Attached were letters in support of defendant and a report that he had a Static-99R risk assessment score of 2, with an average risk for sexual offense recidivism. At the sentencing hearing, the trial court issued a tentative ruling to deny probation and impose the upper term. The court noted it had read and considered the probation report with a confidential attachment; the prosecutor's statement in aggravation; defense counsel's statement in mitigation, including attachments; and a psychiatric evaluation pursuant to section 288.1. The probation report recommended the middle term. Defendant's father requested that he be placed on probation. Defendant made a statement that it was difficult for him not to go to trial to prove his innocence and asked for a chance for probation. He continued to proclaim his innocence after his plea.

Defense counsel argued that defendant's crime was an isolated incident

3

and cited the psychiatric evaluation, which noted that denial of the offense is not necessarily a risk factor for recidivism. Defense counsel argued that the psychiatric report noted factors that indicated defendant would successfully respond to sex offender treatment and posed a minimal risk to Jane Doe or for recidivism. Defense counsel requested a low-term sentence in the event probation was denied.

The trial court denied defendant's request for probation and sentenced him to the upper term of eight years in state prison. The trial court found that because defendant had previously suffered two felony convictions, he was statutorily ineligible for probation pursuant to section 1203, subdivision (e)(4), absent a finding that this was an "unusual case" in which the interest of justice would be served in granting probation. The court found that defendant failed to meet criteria for an unusual case under California Rules of Court, rule 4.413. The trial court further reasoned: "The Court has carefully considered in this case a grant of probation for a number of reasons in this case. The Court, however, continuously goes back to the nature of the charges in this case; the statements made by the young victim . . . and the graphic nature of the statements made by the victim are difficult in this case to ignore. [¶] And for that reason, even if the defendant were not statutorily ineligible for probation, probation would be denied; and that will be due to the nature, the seriousness, and the circumstances in this case which is considered more egregious than circumstances, other circumstances of cases involving similar charges. Additionally in this case, the victim was particularly vulnerable. Additionally, the defendant betrayed a position of trust that had developed between himself and the six-year-old victim." In imposing the upper term, the court found that the balance of factors in aggregation outweighed those in mitigation. Specifically, the court considered that the victim was "particularly vulnerable," "the manner in which the crime was committed indicate[d] planning and some sophistication," and "defendant took advantage of a position of trust or confidence." In mitigation, the court noted defendant had a minimal prior criminal record and his prior performance on probation was satisfactory.

Defendant filed a timely notice of appeal and requested but did not obtain a certificate of probable cause.

## II. DISCUSSION

*A.     Denial of Probation*

Defendant contends the trial court abused its discretion in denying his request for probation. He recognizes that he was ineligible for probation unless the court found unusual circumstances but argues such circumstances are present here. We disagree.

"Except in unusual cases in which the interests of justice would best be served if the person is granted probation, probation shall not be granted to . . . [¶] . . . [¶] [a]ny person who has been previously convicted twice in this state of a felony or in any other place of a public offense which, if committed in this state, would have been punishable as a felony." (§ 1203, subd. (e)(4).) California Rules of Court, rule 4.413(c) sets forth the factors which may indicate an "unusual case" in which probation may be granted. One such factor is where there is a circumstance, not amounting to a defense, that reduces the defendant's culpability, including: (1) there was a great provocation, coercion, or duress *and* the defendant has no record of committing crimes of violence; (2) the crime was committed because of a reduced mental condition not amounting to a defense; or (3) the defendant is youthful or aged and has no significant record of prior criminal offenses. (Cal. Rules of Court, rule 4.413(c)(2).) These factors are indicators the trial court *may* use to find the case unusual, but it is not required to do so. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 178 (*Stuart*).) If the court determines presumptive ineligibility is overcome, that is not the end of the inquiry; the court must still decide whether to grant probation based on the criteria in California Rules of Court, rule 4.414. (*Stuart, supra*, at p. 178.)

The defendant bears a heavy burden when attempting to show an abuse of discretion. (*People v. Aubrey* (1998) 65 Cal.App.4th 279, 282.) "In reviewing [a trial court's determination whether to grant or deny probation,] it is not our function to

5

substitute our judgment for that of the trial court.  Our function is to determine whether the trial court's order granting [or denying] probation is arbitrary or capricious or exceeds the bounds of reason considering all the facts and circumstances." (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 825 (*Du*).)

Here, defendant claims the trial court erred in denying him probation but does not explain which of the factors overcoming presumptive ineligibility applies to him.  Even if the trial court erred in concluding that defendant's case did not fall within *any* of the "unusual case" factors, the court was not required to find presumptive ineligibility has been overcome based on any one factor.  (See *Stuart, supra*, 156 Cal.App.4th at p. 178 [The trial court may but is not required to find the case is unusual just because circumstances listed in the rule have been established].)  Further, defendant was not prejudiced because the court expressly stated it would deny probation even if defendant was eligible.  Defendant asserts that the court's finding that there was planning is not supported by the record.  We disagree.  The stipulated factual basis for the plea and the probation report reveal that defendant gained Jane Doe's trust by quickly becoming a father figure and took advantage of at least one time when he was left alone with Jane Doe and lured her with a claim he was going to give her milk.  This was evidence of planning, and the court was well within its discretion to deny probation based on the seriousness and manner of the offense, even if defendant was not presumptively ineligible for probation.  (See Cal. Rules of Court, rule 4.414(a)(1).)  Accordingly, defendant has failed to show the trial court's decision was arbitrary, capricious, or exceeded the bounds of reason under the circumstances of this case.  (See *Du, supra*, 5 Cal.App.4th at p. 825.)

B.     *Sentence Imposed*

Defendant contends the trial court abused its discretion by imposing the upper term.  Specifically, he argues that the court improperly relied on aggravating factors that were legally inapplicable and failed to consider the mitigating factors.  We disagree.

6

A trial court's sentencing decision is reviewed for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) A trial court's choice to select an upper term is permissible if it finds even one aggravating factor. (*People v. Osband* (1996) 13 Cal.4th 622, 728-729 (*Osband*).) "Aggravating circumstances include those listed in the sentencing rules, as well as any facts 'statutorily declared to be circumstances in aggravation' [citation] and any other facts that are 'reasonably related to the decision being made.' " (*People v. Black* (2007) 41 Cal.4th 799, 817.)

Here, the court imposed the upper term because it found the circumstances in aggravation outweighed those in mitigation. The trial court noted several aggravating factors relating to the crimes, including that defendant took advantage of a position of trust or confidence to commit the crime, the vulnerability of the victim, and that the manner in which the crimes were carried out demonstrated sophistication. (See Cal. Rules of Court, rule 4.421(a)(3), (8), (11).) Defendant contends that the court erred in referencing the child victim's young age, which he contends is not a proper aggravating factor because it is an element of the crime itself. It is true that "[a] fact that is an element of the crime on which punishment is being imposed may not be used to impose a particular term." (Cal. Rules of Court, rule 4.420(d).) However, the record shows the trial court relied on several facts in aggravation, including that (1) "the victim was particularly vulnerable," (2) "the manner in which the crime was committed indicate[d] planning and some sophistication," and (3) that "defendant took advantage of a position of trust or confidence." As defendant concedes, any one of these aggravating factors is enough to impose the upper term. (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1263 ["Only a single aggravating factor is required to impose the upper term"] (*Burbine*).) Defendant contends there was no evidence of planning. For the reasons we have discussed *ante*, he is incorrect. Defendant does not challenge the court's finding that he took advantage of the victim's trust and confidence. Instead, he makes the meritless argument that "[t]his was a one-time incident," which is utterly contradicted by

7

the stipulated factual basis for the plea, the probation report, where Jane Doe recited multiple uncharged acts of molestation perpetrated by defendant during the short period of a few months he was living in her home. The court's imposition of the upper term was permissible based on any one of these aggravating factors. (See *Osband, supra*, 13 Cal.4th at pp. 728-729.)

In mitigation, the court found defendant had minimal prior criminal history and had performed satisfactorily on his prior probation. Nonetheless, defendant argues the aggravating factors cited by the court could not outweigh the mitigating factors, including his minimal criminal record, the letters submitted on his behalf, his claim this was a "one-time incident," and the fact he received an average risk score on the Static-99R, which is an actuarial measure of risk for sexual offense recidivism. We disagree. The court stated it reviewed and considered all of these materials, heard argument, and listed the factors it weighed in aggravation and mitigation. The trial court did not fail to give the mitigating factors proper consideration. Rather, the court did not believe that all the mitigating factors could mitigate the aggravating factors, such as the fact that he used that position to find his victim and commit these crimes. Accordingly, the trial court did not abuse its discretion in selecting an upper term in this case under the rules in effect at the time of sentencing. There was no abuse of discretion.

C.      *Senate Bill 567*

After we filed our original opinion in this matter, the Governor signed into law Senate Bill 567. In supplemental briefing, defendant contends that this case must be remanded for resentencing in light of Senate Bill 567, which amended section 1170 to make the middle term of the determinate sentencing triad the presumptive prison term unless specified circumstances exist. (§ 1170, subd. (b)(1)-(2).) Following Senate Bill 567, a trial court "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances

8

have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.  Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements.  The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense." (§ 1170, subd. (b)(2).)  In his supplemental briefs, defendant argues this matter must be remanded for resentencing so the trial court may reconsider its sentencing decisions under the rubric of the new legislation.

The People correctly concede the amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal.  (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 308.)  Under established law, we "assume, absent evidence to the contrary, that the Legislature intended an 'amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date.' " (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341.)  "For the purpose of determining the retroactive application of an amendment to a criminal statute, the finality of a judgment is extended until the time has passed for petitioning for a writ of certiorari in the United States Supreme Court."  (*Id.* at pp. 341-342, citing *People v. Vieira* (2005) 35 Cal.4th 264, 305-306.)

The People contend, however, that any error was harmless because "the probation report provided undisputed evidence of each of the aggravating circumstances that the trial court relied upon such that a jury would have found each circumstance to be true beyond a reasonable doubt." (Fn. omitted.)  While this argument may be persuasive, we need not reach harmless error based on what a jury would have concluded where, as here, defendant stipulated to the facts underlying the circumstances in aggravation as the

9

factual basis for the plea. Defendant's stipulation to these facts and the court's reliance on these stipulated facts to support its finding of circumstances in aggravation sufficiently complies with the retroactive requirements of 1170, subdivision (b)(2).) The court found that the balance of factors in aggravation based on the stipulated facts in the probation report outweighed those in mitigation. Specifically, the court considered that the victim was "particularly vulnerable," "the manner in which the crime was committed indicates planning and some sophistication," and "defendant took advantage of a position of trust or confidence."

Defendant concedes that he stipulated to these facts but contends that "remand is necessary in this case because *at least one* of the circumstances relied upon by the court to aggravate [his] sentence was not stipulated to or found true beyond a reasonable doubt, another of the circumstances was based on an element of the crime itself, and it would be speculative and usurp the sentencing court's decision making role to determine without remand that the court would have found the remaining circumstance alone justified elevating [his] sentence above the statutory presumption." (Italics added.) In making this argument, defendant rehashes arguments that we have already considered and rejected: namely, that there was no evidence of planning, that the trial court improperly considered the victim's age, and that the charged offense was a one-time incident. However, as we have discussed and as defendant concedes, any one aggravating factor, including the violation of a position of trust, is enough to impose the upper term. (*Burbine, supra*, 106 Cal.App.4th at pp. 1262-1263 [concluding that a single aggravating factor of violation of a position of trust was sufficient to impose the upper term where the defendant " 'took advantage of a position of trust that he developed with [] young children' "].)

Here, defendant does not challenge the court's finding that he took advantage of the victim's trust and confidence. Instead, he contends "it cannot be determined with any certainty that the sentencing court would have determined its violation of trust

10

circumstance alone justified" the upper term. We disagree. As we have discussed, a trial court's choice to select an upper term is permissible if there is even one aggravating factor. (*Osband, supra*, 13 Cal.4th at pp. 728-729.) Additionally, as we have discussed *ante*, there was ample evidence of planning. First, defendant gained Jane Doe's trust by quickly becoming a father figure and took advantage of a time when he was left alone with Jane Doe and lured her by claiming he was going to give her milk. Second, he took advantage of another time he was left alone with Jane Doe by volunteering to bathe her so her mother could take a phone call. To rebut the court's finding of planning, defendant again raises the meritless claim that Jane Doe said there was only one incident. Defendant is incorrect. The probation report is clear that after describing defendant's oral penetration, Jane Doe stated this particular act "only occurred one time." The probation report also detailed at least two other incidents Jane Doe reported of defendant touching her vagina. Defendant stipulated to all of these facts, which were the cited circumstances in aggravation. Accordingly, we reject defendant's contentions and conclude that the court properly sentenced him to the upper term in compliance with the newly-enacted requirements of section 1170, subdivision (b)(2).

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

BLEASE, Acting P. J.

/S/

ROBIE, J.